United States District Court
Southern District of Texas
**ENTERED**
February 13, 2026
Nathan Ochsner, Clerk

# United States District Court
## Southern District of Texas
### Houston Division

| | | |
|---|---|---|
| Manuel Velio Almeda Mendoza, | § § | Civil Action Number |
| Petitioner, | § | 4:26-cv-01003 |
| | § | |
| | § | |
| versus | § | Judge Charles Eskridge |
| | § | |
| | § | |
| Randy Tate, *et al*, | § | |
| Respondents. | § | |

## Order

Petitioner Manuel Velio Almeda Mendoza filed a petition for writ of *habeas corpus* under 28 USC §2241 on February 6, 2026. Dkt 1. He acknowledges illegal entry into the United States at a prior date but nonetheless asserts that his present detention under 8 USC §1225(b) is unlawful. He contends that any detention should instead proceed, if at all, under 8 USC §1226(a), which may entitle him to a bond hearing. Id at ¶¶9–19, 29–32.

A district court entertaining an application for a writ of *habeas corpus* "shall forthwith award the writ" or issue a show cause order "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 USC §2243. A petition brought under 28 USC §2241 is thus "subject to summary dismissal if it appears from the face of the pleading that the petitioner is not entitled to relief." *Montgomery v United States*, 2016 WL 592846, *5 (WD Tex); see also *Salazar Quintanilla v Johnson*, 1:26-cv-00022-H (ND Tex, Jan 16, 2026) (Hendrix, J) (dismissing petition raising issue of textual construction of 8 USC §§1225 and 1226).

The Fifth Circuit has now issued a controlling decision in *Buenrostro-Mendez v Bondi*, 2026 WL 323330 (5th Cir).

In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under 8 USC §1225(b)(2)(A). See id at *4–10.

The undersigned previously resolved that and an array of closely related issues upon determination that the Government may properly apply 8 USC §1225(b)(2)(A) in circumstances similar to those of Petitioner. For example, see:

- *Montoya Cabanas v Bondi*, 2025 WL 3171331 (SD Tex): Finding that (i) the term "applicant for admission" is determinative, as it is broadly defined to include anyone "present in the United States who has not been admitted," (ii) application of §1225(b)(2)(A) doesn't render superfluous the amendment to §1226 by the Laken Riley Act, and (iii) no due process violation occurs where constitutional argument depends on rejected statutory interpretation of §§1225 and 1226.
- *Herrera Naranjo v Uhls*, 2025 WL 3771447 (SD Tex): Rejecting contention that (i) the text of §1225(b)(2)(A) is ambiguous, with resort to other canons of statutory construction thus being unnecessary, (ii) the location of petitioner's arrest may itself violate due process or otherwise make detention unlawful, and (iii) prior work authorizations confer lawful status.
- *Rodriguez-Hidalgo v Noem*, 4:25-cv-05730 (SD Tex, Jan 9, 2026): Rejecting arguments based on (i) bond regulations because statutory language prevails over putative conflicting regulations, (ii) due process because the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings, and (iii) eligibility for adjustment of status under

the Cuban Adjustment Act because such is outside the scope of *habeas* jurisdiction.

- *Cairo Ceniz v Bondi*, 4:26-cv-00017 (SD Tex, Jan 21, 2026): Finding "applicants for admission" to be a subset of those "seeking admission" under 8 USC §1225(a)(3).
- *Garcia Tabon v Dickey*, 4:25-cv-06145 (SD Tex, Jan 22, 2026): Rejecting argument under Administrative Procedure Act where it depends on rejected statutory interpretation of §§1225 and 1226.
- *Vargas Ordonez v Frink*, 4:25-cv-06386 (SD Tex, Jan 20, 2026): Rejecting argument under Fourth Amendment where it depends on rejected statutory interpretation of §§1225 and 1226.

As noted within the above citations, a claim under the Due Process Clause of the Fifth Amendment necessarily fails to the extent that it proceeds upon reliance of rejected statutory interpretation as to the applicability of §1226. For example, see *Montoya Cabanas*, 2025 WL 3171331 at *6–7; *Herrera Naranjo*, 2025 WL 3771447 at *2. Further, the Supreme Court has recognized that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Maceda Jimenez v Thompson*, 2025 WL 3265493, *1 (SD Tex), quoting *Demore v Kim*, 538 US 510, 523 (2003).

As also noted above, a claim under the Administrative Procedure Act likewise fails to the extent that it proceeds upon reliance of the same rejected statutory interpretation. Such claims are also foreclosed by 5 USC §704 given that adequate remedy exists through *habeas* relief. For example, see *Garcia Tabon*, 4:25-cv-06145, Dkt 14 at 3; *Sanchez-Sanchez*, 4:26-cv-00144, Dkt 7 at 2–3.

The undersigned has also determined that the order entered in *Bautista v Santacruz*, 2025 WL 3713987 (CD Cal), purporting to certify a nationwide class, far

3

exceeded the jurisdiction of the Central District of California. See *Sanchez-Sanchez*, 4:26-cv-00144, Dkt 7 at 2, adopting reasoning of *Calderon Lopez v Lyons*, 2025 WL 3683918 (ND Tex) (Hendrix, J). The *Bautista* order also remains on appeal in the Ninth Circuit and is, at least in that sense, not entitled to preclusive effect here. See *Bautista v Department of Homeland Security*, 25-7958 (9th Cir). In any event, a district court isn't bound by another district court's ruling. *See Camreta v Greene*, 563 US 692, 709 n 7 (2011). This is particularly true in the present circumstances where the Fifth Circuit has now decided the same issue contrary to the Central District of California. See *Buenrostro-Mendez*, 2026 WL 323330 at *4–10.

The arguments presented by Petitioner in the petition appear to raise only issues resolved in the decisions cited above. It is thus apparent on the face of the petition that Petitioner is not entitled to the relief requested. See 28 USC §2243.

That said, Petitioner will have an opportunity to specify any individual circumstances supporting a different result. For example, the undersigned has granted petitions for writs of *habeas corpus* or otherwise ordered release where determined appropriate upon a showing of individual, meritorious circumstances. For example, see:

- o *Abuelhawa v Noem*, 2025 WL 2937692 (SD Tex): Ordering release where the petitioner was subject to a final order of removal, and the Government failed to rebut his showing of good reason to believe that no significant likelihood of removal existed in the reasonably foreseeable future. See also *Iqbal v McBride*, 4:25-cv-05217 (SD Tex, Dec 11, 2025) (same); *Sachchithananthan-Pakeerathan v Dickey*, 4:25-cv-05660 (SD Tex, Jan 19, 2026) (same).
- o *Contreras Martinez v Noem*, 4:25-cv-03806 (SD Tex, Aug 25, 2025): Ordering release where the petitioner posted the requisite bond

4

after an immigration judge had entered a valid bond order.

- *Arcos v Noem*, 2025 WL 2856558 (SD Tex): Finding 8 CFR §1003.19(i)(2) unconstitutional as applied to the petitioner in that particular circumstance.
- *Cruz-Padilla v Lacy*, 4:26-cv-00149 (SD Tex, Jan 22, 2026): Granting petition and ordering bond hearing before immigration judge where the Government failed to make a timely show-cause filing as ordered.

Petitioner Manuel Velio Almeda Mendoza may, within ten days from entry of this Order, make a further filing with additional authorities or distinguishing facts not considered in the rulings cited above on prior dismissals.

Absent such showing, the petition will be denied and this action dismissed with entry of final judgment.

Petitioner may in the alternative voluntarily dismiss the petition.

It is ORDERED that the Clerk will email this Order to USATXS.CivilNotice@usdoj.gov to provide notice of this action to Respondents.

SO ORDERED.

Signed on February 13, 2026, at Houston, Texas.

_CREskridge_
Honorable Charles Eskridge
United States District Judge

5